# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARLOS M. MOORE, | |
| Petitioner, | 2:11-cv-01654-JCM-VCF |
| vs. | **ORDER** |
| BRIAN E. WILLIAMS, *et al.*, | |
| Respondents. | |

Petitioner Marlos M. Moore has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF #1) and paid the filing fee. It appears from the petition that it was submitted outside the applicable limitations period and may be subject to dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

According to the habeas petition, petitioner was convicted on March 22, 2007. It appears from documents that petitioner has included that this federal petition, filed on October 12, 2011, was filed after his third state habeas petition was denied as time-barred and successive. While unclear, the

1  petition appears to have been filed beyond the one-year time limitation contained in the statute.

2  Petitioner may be entitled to equitable tolling of the one-year limitations period if he can
3  establish that he diligently pursued his right and some extraordinary circumstance stood in his way. *See*
4  *Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in*
5  *part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998);
6  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show
7  that either the instant petition was not filed beyond the one-year statute of limitations, or that he is
8  entitled to equitable tolling of the time limitation.

9  **IT IS THEREFORE ORDERED** that the Clerk shall **FILE** and **ELECTRONICALLY**
10 **SERVE** the petition (*see* ECF #1) upon the respondents.

11 **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the entry
12 of this Order to show cause and file such proof he may have to demonstrate that the petition for writ of
13 habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling
14 of the time period.

15 **IT IS FURTHER ORDERED** that if petitioner files proof to demonstrate that the petition
16 for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to
17 equitable tolling of the time period, respondents shall have **twenty (20) days** to file a response to
18 petitioner's proof.

19 **IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that the petition
20 for writ of habeas corpus was filed within the limitations period, the court will enter an order dismissing
21 the petition.

22  Dated, this  10  day of January, 2012.

23
24                                                                          _____
                                                                            UNITED STATES DISTRICT JUDGE
25
26

2