UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARLOS M. MOORE,

   Petitioner,   2:11-cv-01654-JCM-VCF

vs.   **ORDER**

BRIAN E. WILLIAMS, *et al.*,

   Respondents.

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss (ECF #12). Petitioner has opposed the motion (ECF #15), and respondents have replied (ECF #16).

As a preliminary matter, petitioner filed a motion for decision on July 2, 2012 (ECF #9). He correctly pointed out that respondents had failed to comply with two court orders. However, in a hearing held July 11, 2012, counsel for respondents advised the court that he had not been served with the court's orders because his address and email address had been omitted from the service list (*see* ECF #11). Respondents thereafter timely complied with this court's orders. Accordingly, petitioner's motion is denied.

**I. Procedural History**

Turning to the motion to dismiss, on August 31, 2006, petitioner was charged via information with one count of first-degree kidnaping; three counts of sexual assault; one count of

attempted murder; one count of battery with intent to commit sexual assault; one count of robbery; and one count of grand larceny auto (exhibit 1 to respondents' motion to dismiss, ECF #12).[1]

On January 10, 2007, a jury found petitioner guilty of count 1: second-degree kidnaping; counts 2, 3, 4: sexual assault; counts 5, 6: battery; count 7: robbery; and count 8: unlawful taking of a motor vehicle (ex. 2). On March 22, 2007, the court entered the judgment of conviction and sentenced petitioner as follows: count 1: 72-180 months; counts 2-4: 10 years to life on each count to run concurrently with each other and concurrently to count 1; a concurrent 6 months each in Clark County Detention Center ("CCDC") on counts 5 and 6; 72-180 months on count 7 to run consecutively to count 4; and 1 year in CCDC to run concurrently with counts 1-7 on count 8; and lifetime supervision and sex-offender registration within 48 hours after release from custody (ex. 3).

Petitioner timely appealed on December 28, 2007 raising fourteen claims (ex. 4). On February 27, 2009, the Nevada Supreme Court affirmed his judgment of conviction, and remittitur issued on March 24, 2009 (ex.'s 7, 8).

On July 7, 2009, petitioner filed his first state postconviction petition for a writ of habeas corpus, which contained four claims that he had previously raised on direct appeal (ex. 9). The state district court entered its order dismissing the petition on October 23, 2009 (ex. 11). Petitioner did not appeal this dismissal.

On November 23, 2009, petitioner filed his second state postconviction habeas petition, in which he raised one claim for the first time:

> with regard to his three sexual assault convictions, counsel was ineffective when he failed to fully investigate the DNA evidence in the State's forensic reports in violation of the Sixth Amendment. Counsel failed to raise on direct appeal the claim that the results of a DNA test would have proven beyond a reasonable that the DNA profile of the samples tested demonstrated the presence of a mixture of at least three individuals

---

[1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss (ECF #12) and may be found at ECF #s13 and 17.

2

> with at least one being male, and that the lab report clearly indicated that there was a DNA profile of an "unknown individual" in the mixture

(ex. 12).

On March 12, 2010, the state district court entered its order dismissing the petition as successive under NRS 34.810(2) (ex. 15). Petitioner did not appeal.

On March 26, 2010, petitioner submitted a federal petition for writ of habeas corpus in case no. 2:10-cv-00447-KJD-RJJ, which asserted three claims (ex. 16):

> 1. With regard to his three sexual assault convictions, counsel failed to raise on direct appeal the claim that the results of a DNA test would have proven beyond a reasonable doubt that the DNA profile of the samples tested demonstrated the presence of a mixture of at least three individuals with at least one being male and that the lab report clearly indicated that there was a DNA profile of an "unknown individual" in the mixture;
>
> 2. By striking the only African-American from the panel, the State racially discriminated in the jury-selection process;
>
> 3. Trial counsel failed to challenge the State's case in relation to the sexual assault charges and failed to do the proper and adequate investigations which would have shown that petitioner did not sexually assault [the victim]

(ex. 16).

The federal court *sua sponte* ordered petitioner to show cause why his petition should not be dismissed as a mixed petition because two grounds (grounds 1 and 3) were clearly unexhausted. After petitioner filed a serious of unclear motions and responses to court orders, the court finally dismissed the petition without prejudice for lack of exhaustion on October 5, 2010 (ex. 23). The court informed petitioner that though the dismissal was without prejudice the dismissed action would not stop the running of the federal one-year limitation period as to any later-filed petition, pursuant to *Duncan v. Walker,* 533 U.S. 167, 181-182 (2001) (*id.*).

Two months later on December 17, 2010, petitioner filed his third state postconviction petition, which raised the same claim about DNA profiles that he had previously raised in his second state postconviction petition and his first federal petition as grounds 1 and 3 (ex.'s 24, 25). On April 8,

3

2011, the state district court entered its order dismissing the petition as successive under NRS 34.810(2) and time-barred under NRS 34.726(1) (ex. 27). On July 13, 2011, the state supreme court entered its order affirming the district court, and remittitur issued on August 10, 2011 (ex.'s 28, 29).

In this case, petitioner mailed his federal petition for filing on or about October 4, 2011 (ECF #5). It raises a single claim–that counsel was ineffective for not raising during trial or on direct appeal the forensic lab reports of the DNA tests which would have proven the presence of at least three individuals in this case and which indicated a DNA profile of an "unknown individual" contained in the mixture.

**II. Federal Habeas Petition is Untimely**

Respondents have filed a motion to dismiss (ECF #12). They argue that this federal petition is untimely.

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or

4

> claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways–either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). United States Supreme Court Rule 13.1 provides that a petitioner has ninety days from the entry of judgment or entry of an order denying rehearing, within which to file a petition for certiorari. Sup. Ct. R. 13.1. Rule 36(a) of the Nevada Rules of Appellate Procedure states that "[t]he filing of the court's decision or order constitutes entry of judgment."

The United States Supreme Court has held that a habeas petitioner's state postconviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period.

5

*Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). The Court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

Additionally, the limitation period is not tolled during the time that a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001).

In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. *See Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing Rule 6 of the Federal Rules of Civil Procedure).

In the present case, as discussed, petitioner was convicted, pursuant to a jury verdict, and judgment was entered on March 22, 2007 (ex. 3). On direct appeal, the Nevada Supreme Court affirmed his judgment of conviction on February 27, 2009 (ex. 7). Petitioner did not seek a writ of certiorari from the United States Supreme Court; therefore, his judgment became final and the AEDPA one-year limitations period began to run on Friday, May 29, 2009. On July 7, 2009, 40 days later, petitioner filed his first state postconviction habeas petition (ex. 9). On October 23, 2009, the state district court entered its order dismissing the petition (ex. 11). Petitioner had thirty days–until November 23, 2009, to appeal, which he did not do. On November 23, 2009, petitioner filed his second postconviction petition (ex.'s 12, 13). On March 12, 2010, the state district court entered its order dismissing the petition (ex. 15). Petitioner had thirty days until April 12, 2010, to file an appeal, which he did not do.

Although petitioner filed his first federal habeas petition on March 26, 2010, the filing of this petition did not stop the running of the one-year limitation period (ex. 16).[2] *Duncan*, 533 U.S. at 181-182. Accordingly, that limitation period re-commenced running on April 13, 2010, after petitioner failed to appeal his second state postconviction petition. The federal district court dismissed the first federal petition without prejudice for lack of exhaustion on October 5, 2010 (ex. 23).

Next, petitioner filed his third state postconviction petition on December 17, 2010 (ex.'s 24, 25). The Nevada Supreme Court affirmed the dismissal of the third state petition as untimely pursuant to NRS 34.726(1) on July 13, 2011 (ex. 28). The untimely filed third state postconviction petition did not toll the limitations period under § 2244(d)(2). *Pace,* 544 U.S. at 412-16. Thus, the limitations period expired on March 3, 2011.

Petitioner mailed his federal petition for filing on October 4, 2011 (*see* ECF #5). However, the untimely filed third state postconviction petition did not toll the limitation period; therefore the AEDPA limitation period had previously expired on March 3, 2011. Accordingly, petitioner's second federal habeas petition is untimely pursuant to 28 U.S.C. § 2244(d).

**III. Petitioner is Not Entitled to Equitable Tolling**

The United States Supreme Court has held that the AEDPA's statute of limitations, at 28 U.S.C. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court made clear that the "exercise of a court's equity powers . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and

---

[2] The *Duncan* Court did not resolve the question of whether AEDPA's one-year statute of limitations is subject to equitable tolling where the initial federal petition is timely, and is dismissed on exhaustion grounds *after* the AEDPA limitations period has passed. *Duncan*, 533 U.S. at 180. That is not the situation here, however, as petitioner's first federal petition was dismissed on exhaustion grounds *before* the AEDPA limitations period had expired.

7

1  "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and
2  citations omitted). In making a determination on equitable tolling, courts must "exercise judgment in
3  light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict
4  in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

5  Here, petitioner claims that this petition should not be barred by the AEDPA statute of
6  limitations based on the United States Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309
7  (2012). In *Martinez*, the Supreme Court held that in certain circumstances, the failure of state
8  postconviction counsel to raise a claim of ineffective assistance of trial counsel in "initial-review
9  collateral proceedings" may constitute cause to excuse a procedural default of that claim. *Id*. at 1315.
10 The claim petitioner has raised in his second federal habeas petition is that his attorney was ineffective
11 for failing to raise–at trial and on direct appeal–the forensic laboratory reports of DNA tests that would
12 have proven the presence of at least three individuals in this case. Petitioner apparently argues his
13 counsel's ineffective assistance constitutes extraordinary circumstances that entitle him to equitable
14 tolling of the statute of limitations (ECF #15). Respondents counter that *Martinez* applies to whether
15 a claim has been procedurally defaulted and has no bearing on the timeliness question (ECF #16).

16 Petitioner has conflated the federal timeliness question with the issue of whether a claim
17 in the federal petition is barred due to procedural default in state court. Here, he first raised the claim
18 that he seeks to raise in this federal petition, namely that–

> counsel was ineffective when he failed to fully investigate the
> DNA evidence in the State's forensic reports in violation
> of the Sixth Amendment. Counsel failed to raise on direct appeal
> the claim that the results of a DNA test would have proven beyond
> a reasonable that the DNA profile of the samples tested demonstrated
> the presence of a mixture of at least three individuals with at least one
> being male, and that the lab report clearly indicated that there was a
> DNA profile of an "unknown individual" in the mixture–

24 in his second state postconviction petition (ex. 12). That petition was timely filed after 40 days of the
25 one-year limitations period had run. But petitioner failed to exhaust that claim in state court when he

8

failed to appeal the dismissal of that petition to the Nevada Supreme Court. He has not argued that he was prevented from filing that appeal in any way. This court concludes that petitioner has failed to demonstrate that "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace*, 544 U.S. at 418). Petitioner is not entitled to equitable tolling of the AEDPA one-year statute of limitations.

In conclusion, petitioner's federal petition is untimely. Petitioner has failed to demonstrate any basis for equitable tolling or to excuse the statute of limitations. Because the federal habeas petition was untimely filed, and because petitioner is not entitled to statutory or equitable tolling, this action must be dismissed.

**IV. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

      **IT IS THEREFORE ORDERED** that respondents' motion to dismiss this federal petition for a writ of habeas corpus as untimely (ECF #12) is **GRANTED**. The petition is **DISMISSED** with prejudice.

      **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

      **IT IS FURTHER ORDERED** that petitioner's motion for decision (ECF #9) is **DENIED**.

      **IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

Dated this 23rd day of January, 2013.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE